# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-23-00125-CV

---

**Mike Morath, Texas Commissioner of Education,
and La Villa Independent School District, Appellants**

**v.**

**Dr. Paz Elizondo, Appellee**

---

### FROM THE 455TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-002025, THE HONORABLE MAYA GUERRA GAMBLE, JUDGE PRESIDING

---

## O R D E R  A N D  M E M O R A N D U M  O P I N I O N

**PER CURIAM**

In the court below, as permitted by the Texas Administrative Procedure Act (APA), Tex. Gov't Code §§ 2001.171–76, Dr. Paz Elizondo filed a suit for judicial review of an earlier administrative decision of Mike Morath, Texas Commissioner of Education. Defendants were the Commissioner and the La Villa Independent School District. In addition to challenging the Commissioner's decision under the APA, Elizondo's petition asserted a claim for relief under the Texas Uniform Declaratory Judgments Act (UDJA), Tex. Civ. Prac. & Rem. Code §§ 37.001-.011. The Commissioner and District filed pleas to the jurisdiction asserting that the trial court lacked jurisdiction over the UDJA action.

A non-evidentiary hearing on the case was held on November 18, 2022. No motion for summary judgment had been filed by the Commissioner or District. The trial court subsequently signed an "Amended Final Judgment" on January 24, 2023. As to Elizondo's APA suit for judicial review, the Amended Final Judgment reversed the Commissioner's administrative decision. As to Elizondo's UDJA action, the court denied the Commissioner's and District's pleas to the jurisdiction. Although the denial of the pleas to the jurisdiction left the UDJA action as a live claim, the court's Amended Final Judgment did not specifically address the merits of Elizondo's UDJA action. Nonetheless, the judgment concluded with the following language: "This is a final and appealable judgment. All relief not granted herein is denied."

This Court is uncertain whether the trial court intended its Amended Final Judgment to include a ruling on the merits of Elizondo's UDJA action. Accordingly, we exercise our discretion to seek clarification from the trial court as to that question. *See Bella Palma, LLC v. Young*, 601 S.W.3d 799, 801 (Tex. 2020); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001).

This Court directs the trial court to submit, within 60 days of this order, a supplemental clerk's record containing a clarification of the question set forth above. If the court did ***not*** intend its Amended Final Judgment to include a ruling on the merits of Elizondo's UDGA action, a simple letter stating that fact will suffice. If the court ***did*** intend its Amended Final Judgment to include a ruling on the merits of Elizondo's UDGA action, the supplemental clerk's record should contain a new judgment specifically setting forth that ruling. Until such time as the supplemental clerk's record is filed, this appeal is abated.

Before Justices Triana, Crump, and Jones*

Abated and Remanded

Filed:   January 23, 2025

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).